IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ANTONIO RAMIREZ-AVERASTURI, et al,**
Plaintiff

v.                                                                                          **CIVIL NO. 03-2360 (DRD)**

**VICTOR RIVERA-GONZALEZ, et al.,**
Defendants

## OPINION AND ORDER

Pending before the Court is the co-defendant, Artillery Security Service, Inc., *Motion for Judgment on the Pleadings and Memorandum* (Docket No. 32) moving the Court to dismiss plaintiffs' claims for their failure to state a claim under Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann., Tit.31, §§ 5141 and 5142. For the reasons set herein, Artillery Security Service, Inc.'s (Artillery) request is hereby **DENIED**.

## FACTUAL BACKGROUND

Co-plaintiff, Antonio Ramirez-Avesturi (Mr. Ramirez-Averasturi or co-plaintiff) avers that on December 24, 2002, he decided to visit his childhood neighborhood at Borinquen Gardens. During his drive throughout the neighborhood, plaintiff parked his vehicle and stopped for a walk in the recreational and sports park. Mr. Ramirez-Averasturi affirms that during said walk he was accosted and surrounded by five individuals dressed in plain clothing who identified themselves as undercover police officers however, no official identifications were shown by said alleged undercover agents. Further, Mr. Ramirez-Averasturi alleges that he was handcuffed by the individuals who then proceeded to "savagely" beat him, i.e., he was kicked violently and repeatedly, and was verbally abused and humiliated. Finally, co-plaintiff avers that the individuals proceeded to illegally search his vehicle, after which, he was released without being placed under arrest or charged with any crime.

Mr. Ramirez-Averasturi received medical attention for three broken ribs and other bodily injuries. Latter, Mr. Ramirez-Averasturi proceeded then to file an administrative complaint within the police department (No. 02-01-03-487) and a criminal complaint (No. 2003-1-462-01660) against these unknown individuals. Co-plaintiff avers that in an attempt to obtain information relating to said individuals the information provided by the Police Department was that there was an ongoing

investigation, that the identity of the individuals was known, and that the case had been referred to the Special Investigation Bureau (Negociado de Investigaciones Especiales ("NIE")).

Instant co-plaintiffs filed the case at bar claiming violations to Mr. Ramirez-Averasturi's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, violation of rights pursuant to 42 U.S.C. §1983, and claims for damages pursuant to supplemental jurisdiction under Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. §§5141 and 5142. Further, the Complaint alleges that Mr. Ramirez-Averasturi's vehicle was searched without a warrant, that he was subject to false imprisonment and abuse of force, and that all co-defendants are jointly and severally liable for the alleged violations. Mr. Ramirez-Averasturi sustains that all co-defendants are jointly and severally liable for said alleged violations.

Furthermore, Mr. Ramirez-Averasturi sustains that the Police Department, its Superintendent and police officers Lt. Carlos R. Burgos-Diaz, and Sgt. Virgilio Bracero-Rios in their personal capacity failed to supervise and/or train the police officers involved relating to the facts that gave rise to the instant claim (particularly the savage beating). Consequently, said failure in supervision and/or training resulted in the deprivation of Mr. Ramirez-Averasturi's rights under the Constitution of the United States and bodily damages upon the plaintiff. Moreover, Mr. Ramirez-Averasturi affirms that co-defendant Artillery Security, Inc., is liable for its failure providing reasonable safety measures and its failure to assist plaintiff. Hence, Mr. Ramirez-Averasturi sustains that Artillery Security, Inc., is jointly and severally liable to co-plaintiffs. Plaintiffs allege that the monetary damages claimed relates to the medical expenses incurred, lost wages, loss of income, and physical and pain damages, suffering, emotional distress, and humiliation. Consequently, plaintiffs seek monetary damages amounting to Four Million Dollars ($4,000,000.00).[1]

In its *Motion for Judgment on the Pleadings* (Docket No. 32) Artillery sustains that the instant complaint should be dismissed because plaintiff has failed to state a claim under Articles 1802 and 1803 of the Puerto Rico Civil Code upon which relief can be granted. Artillery affirms that the allegations as averred by plaintiffs seek redress for constitutional violations performed by the Police Department, its agents and/or officers, and the Police Superintendent. Notwithstanding, the crux of the claims made against Artillery are based on its alleged failure to "provide assistance and/or prevent the assault against plaintiff ... [and] also failed to take plaintiff to the Hospital or take

---

[1] The plaintiffs to the instant case are Mr. Antonio Ramirez-Averasturi; his father, Mr. Antonio Ramirez del Valle; and his mother, Ms. Sylvia Averasturi Lugones.

any other precautionary [and/or mitigating] measures to relieve the suffering". As of today, more than the ten (10) days provided by Local Rule 7.1(b) to oppose Artillery's dispositive motion, the Court deems said motion unopposed.

## MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(c)

Although the Co-defendants moved for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P., 28 U.S.C., it is well established that the Court may apply to said rule the applicable standard of a Rule 12(b)(6) motion to dismiss. In numerous occasions the First Circuit Court of Appeals has stated that "[M]otions to dismiss for failure to state an actionable claim are governed by Fed.R.Civ.P. 12(b)(6) ... Motions for judgment on the pleadings are governed by Fed.R.Civ.P. 12(c) and ordinarily warrant the same treatment. *See* Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 470 n. 2 (7th Cir.1997); Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994)." Collier v. City of Chicopee,158 F.3d 601(1st Cir. 1998). Finally, in Whitting v. Maiolini, 921 F.2d 5 (1st Cir. 1990) the First Circuit concluded that "[T]he district court was acting within its discretion in converting appellees Rule 12(c) motion for judgment on the pleadings to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Amersbach v. City of Cleveland, 598 F2d. 1033 (6th Cir. 1979)."

Under a Rule 12(b)(6) motion standard of review, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); see also Ronald C. Brown v. Hot, Sexy, and Safer Productions, Inc., 68 F.3d 525 (1st Cir. 1995); Miranda v. Ponce Fed. Bank, 948 F.2d 41, 44 (1st Cir.1991). **The Court must accept as true all well pleaded factual averments contained in the complaint, while, at the same time, drawing all reasonable inferences from the allegations in favor of the plaintiff.** See McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 276, 96 S.Ct. 2574, 2577 (1976); Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.P.R. 1999); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996);Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994); Correa Martinez v. Arrillaga Belendez, 903 F.2d 49, 51 (1st Cir. 1990); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). However, "because only well pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law."

Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993).

When opposing a Rule 12(b)(6) motion to dismiss, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Technology, 950 F.2d 13, 22 (1st Cir. 1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. Id. at 23, *citing* Correa Martinez, 903 F.2d at 52. Thus, Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)). That is to say, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief.** Conley v. Gibson, 355 U.S. at 78. (*Emphasis ours*).

Notwithstanding, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d at 3. The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim[.]" Id.; see also Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).

### ARTICLES 1802 AND 1803 PUERTO RICO CIVIL CODE

Under Puerto Rican law, claims for damages arise from section 1802 of the Puerto Rico Civil Code. P.R. Laws Ann., Tit. 31, §5141. Such section provides that any person who by an act or omission causes damage to another, when there is fault or negligence, shall be obliged to repair the damage so done.[2] For purposes of section 1802, damages are the injuries caused by one person to another, or to his property, whether done with the intention of causing damage or by reason of negligence or carelessness, or through unavoidable accident. Diaz v. San Juan Light & Transit Co., 17 P.R.R. 64 (1911).

For purposes of civil law, the concept of negligence consists in not foreseeing or preventing logical consequences of **an action or omission** that any prudent person would have foreseen or tried to prevent under the same circumstances, the essence of fault or negligence being the failure of the

---

[2] Section 1802 of the Puerto Rico Civil Code reads as follows: "[A] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity".

originator of the damage to be diligent or to have foresight. Kaiser v. Armstrong World Industries, Inc., 678 F.Supp. 29 (1987). Hence, foreseeability of damages constitutes grounds for tort liability. Pacheco v. W.R.A., 112 D.P.R. 296 (1982).

Finally, section 1802 sets forth two(2) general principles in the area of fault or negligence: a) the duty of the individual not to cause harm to another and b) the duty to compensate for harm caused by voluntary negligent, imprudent or faulty acts. Rivera v. Maryland Casualty, 96 P.R.R. 600 (1968). For purposes of this section, an imprudent person is a negligent person, wanting in foresight, who creates a serious risk for himself or for another, without obligation, necessity, or benefit. In the Anglo-Saxon ideological concept, the quality of being imprudent means lack of circumspection, or due regard to consequences; injudiciousness. Torres v. W.R.A., 94 P.R.R. 297 (1967).

Article 1803 of the Civil Code, 31 L.P.R.A. § 5142 states:

> The obligation imposed by the preceding Section [Article 1802, §5141] is demandable, not only for personal acts or omissions, but also for those of the persons for whom they should be responsible ... Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties ... The liability referred to in this section shall cease when the liable persons mentioned therein prove that they employed all the diligence of a good father of a family to preclude the damage.

The fundamental consideration for determination of an employer's liability is whether or not the employee's acts fall within the scope of his employment in the sense that they furthered a desire to serve and benefit the employer's interest, resulting in an economic benefit to the employer. Martinez v. Comunidad, 90 P.R.R. 451 (1964); Llorens v. Lozada, 73 P.R.R. 260 (1952). In order to impose liability under the doctrine of *respondeat superior* applicable in the Commonwealth of Puerto Rico, the following elements must be evaluated: "a) desire to serve, benefit, or further his employer's business or interest; b) that the act is reasonably related to the scope of the employment; c) that the agent has not been prompted by purely personal motives."Rodriguez v. United States, 328 F.Supp. 1389, 1391 (1971).

## LEGAL ANALYSIS

The applicable standard of review for Rule 12(b)(6) motions requires the Court to accept as true all well pleaded factual averments contained in the complaint, while, at the same time, drawing

all reasonable inferences from the allegations in favor of the plaintiff. Aulson v. Blanchard, 83 F.3d at 3. Notwithstanding, the Court will not accept a complainant's unsupported conclusions or interpretations of law "because only well pleaded facts are taken as true." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 971. Consequently, only if it appears beyond doubt that plaintiff can prove no set of facts in support of its claim entitling to relief then should the complaint be dismissed for failure to state a claim. Conley v. Gibson, 355 U.S. at 45-46, 78 S.Ct. at 102.

With the above mentioned legal precepts as framework, the Court proceeds to determine whether plaintiffs' claims against Artillery should be dismissed. Consequently, the Court must examine the sufficiency of the allegations as proffered by plaintiff accepting them as true and drawing all reasonable inferences on its behalf. At the outset, the Court notes that the allegations against Artillery are focused in establishing responsibility under Article 1802 under either negligence performance of its duties and/or omission to act. As stated previously, plaintiff's averments sustain that Artillery failed to provide mitigating assistance and/or prevent the assault and **that it also failed to take Mr. Ramirez-Averasturi to the hospital or taking any other precautionary measures to relieve plaintiff's suffering.**

Artillery, counters by sustaining that it was unable to prevent the assault, that it could not anticipated the incident and that it was unable to drive plaintiff to the hospital or take any other precautionary measures due to plaintiff's own behavior. In support of its position, Artillery raising rhetoric questions such as how could Artillery prevented the assault?; how could Artillery anticipate the incident?; under what contractual provision Artillery had to have a representative in the place and time of the incident? Moreover, Artillery sustains that under its contractual provisions it did not have any obligation to patrol or provide security rounds in the area where the incident occurred. In its answer to the complaint, Artillery affirms that its contractual obligation was limited to provide control at the access gate of the neighborhood.

However, plaintiffs have failed to oppose Artillery's motion for judgment on the pleadings. As stated previously, under the standard of review for a Rule 12(b)(6) motion to dismiss the plaintiff is under the affirmative obligation to put his best foot forward in an effort to present a legal theory that will support its claim for relief. McCoy v. Massachusetts Institute of Technology, 950 F.2d at 22. Furthermore, plaintiff must set forth factual allegations regarding each material element necessary to sustain recovery under some actionable theory. Romero-Barceló v. Hernández-Agosto,

75 F.3d at 28 n. 2.  Therefore, under a Rule 12(b)(6) motion to dismiss a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Technology, 950 F.2d at 22.  Plaintiff has failed to set factual allegations relating to the material elements necessary to sustain recovery, hence the Court cannot do plaintiff's homework for him.

It is well known that the Court is not required "to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990), and that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure. *See*, Damiani v. Rhode Island Hospital, 704 F.2d at 15-16.  In sum, plaintiff has shown a lack of interest vindicating whatever rights he may have.  Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 713 (1st Cir. 1977).

Notwithstanding the cited jurisprudence, as to plaintiff's lack of diligence, the undersigned is reluctant to grant movants' request for dismissal simply because at this stage of the proceedings it is not clear that the merits of the controversy can be fairly and fully decided in this summary manner.  Further, simply expressed, there are allegations at least as to mitigating plaintiffs' damages or fault by omission in helping the distressed wounded and suffering plaintiff that survive Rule 12(b)(6) dismissal.  The movants' allegations require that genuine issues of facts relating to the contractual obligations pursuant to Artillery's security contract within the neighborhood where the instant incident occurred to be scrutinized before granting brevis disposition at motion to dismiss level.  Consequently, the Court deems that Artillery's allegations require the introduction of some evidence as to that matter hence, said arguments are better suited for analysis under a summary judgment standard of review.

## CONCLUSIONS

For the reasons stated herein, the Court **DENIES** Artillery Security Service, Inc., *Motion for Judgment on the Pleadings and Memorandum* (Docket No. 32).  As stated previously, Artillery remains at liberty to take a second swing at and present its request for dismissal through a Motion for Summary Judgment.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 9th day of September 2005.

S/DANIEL R. DOMINGUEZ
DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE